**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PAUL FRANK DETTORE, a/k/a Paul
Frank D'Ettore,
Defendant-Appellant.

No. 98-4269

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PAUL FRANK DETTORE, a/k/a Paul
Frank D'Ettore,
Defendant-Appellant.

No. 98-4270

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-96-713, CR-97-953)

Submitted: October 6, 1998

Decided: October 19, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. E. Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Frank Dettore pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 (1994), a case originating in the District of South Carolina ("South Carolina case"). Dettore also pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (1994), a case originating in the Eastern District of Pennsylvania and transferred to the District of South Carolina under Fed. R. Crim. P. 20 ("Pennsylvania case"). Dettore received a total sentence of eighty-one months of imprisonment and three years of supervised release on both convictions. He appeals his convictions and sentence. Dettore's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that in his view there are no meritorious issues for appeal. Dettore has not filed a supplemental pro se brief and the Government elected not to file a brief. The issues raised by Dettore's counsel are without merit. After a review of the record, we affirm the judgment.

Dettore first raises the issue of whether the district court complied with the requirements of Fed. R. Crim. P. 11 in taking Dettore's guilty pleas. We accord great deference to the manner in which the district court conducts the Rule 11 hearing, and evaluate alleged Rule 11 violations under a harmless error standard. See United States v. DeFusco,

2

949 F.2d 114, 116-17 (4th Cir. 1991). We will vacate a conviction resulting from a guilty plea only if the trial court's violation of Rule 11 affected a defendant's substantial rights. Id. at 117. Our review of the record reveals that the district court fully discussed the nature and elements of the charges against Dettore, the applicable penalties, including the effect of supervised release, and ensured that he consulted with and was satisfied with his counsel. The court also addressed the rights Dettore forfeited by virtue of his pleas, discussed the impact of the Sentencing Guidelines, and ascertained that there was a factual basis for the pleas. Finally, the court questioned Dettore to ensure that his pleas were voluntary. Accordingly, we find no violation of Rule 11, much less one that affected Dettore's substantial rights.

Counsel also raises as a potential claim the district court's calculation of the applicable guideline range. We lack authority, however, to review a sentence that falls within a correctly calculated guideline range and applicable statutory maximum. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). Dettore's applicable guideline range for the South Carolina case was fifty-one to sixty-three months' imprisonment, and the maximum statutory term of imprisonment was twenty years. See 21 U.S.C. §§ 841(b), 846. The applicable guideline range for the Pennsylvania case was eighteen to twenty-four months, and the maximum statutory term of imprisonment was five years. Id. Accordingly, because Dettore's sentences did not exceed the maximum provided by the guidelines or the statute, we lack authority to review them.

Finally, counsel for Dettore raises as a potential claim the district court's denial of Dettore's request for a downward departure based upon post-offense rehabilitation. The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir. 1992). Nothing in the sentencing hearing reflects such a mistake on the part of the district court, and accordingly we decline to review the court's decision not to depart from the applicable guideline range.

This court requires that counsel inform his client, in writing, of the client's right to petition the Supreme Court of the United States for

3

further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4